IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KRISTINA NILES,** § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| **TEXAS FARMERS INSURANCE** § | | |
| **COMPANY,** § | | |
| Defendant. § | JURY DEMANDED | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Kristina Niles (hereinafter "Plaintiff"), and complains of Texas Farmers Insurance Company (hereinafter "Farmers"). In support of her claims and causes of action, Plaintiff would respectfully show the Court as follows:

**I.
DISCOVERY LEVEL**

1. Plaintiff intends for discovery to be conducted pursuant to any proposed joint management and discovery plan required by Rule 26(f)(2) of the Federal Rules of Civil Procedure.

**II.
JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. 4001 (the "Act"). Under the terms of the Act, Federal Courts shall have exclusive jurisdiction over claims arising under flood insurance policies made available under the Act, as administered by the Federal Emergency Management Agency ("FEMA").

3. This action arises under the Write-Your-Own Program ("WYO") regulations under the Act. FEMA created the WYO program in 1983, permitting private insurers to write flood policies pursuant to the Act, in the individual name of the private insurer. Under the WYO program, FEMA regulations set the terms and conditions of the policies, the federal government underwrites the policies, and the private WYO carriers perform significant administrative functions, including the arranging for the adjustment, settlement, payment, and defense of all claims arising from the policies. In this capacity, WYO carriers are fiscal agents of the United States federal government.

4. Venue is appropriate in the Southern District of Texas because Plaintiff suffered the property damage complained of within the boundaries of the Southern District.

5. This Court has personal jurisdiction over all parties identified.

## III.
## PARTIES

6. Plaintiff is an individual whose residence is located in Conroe, Montgomery County, Texas.

7. Defendant Texas Farmers is a domestic insurer, duly registered with the Texas Department of Insurance, and which issues WYO flood policies within the State of Texas. Texas Farmers may be served with process by serving this Original Complaint and a copy of the citation on its Registered Agent, Chris Granger, at its registered address, 15700 Long Vista Drive, Austin, Texas 78728-3822, or wherever she may be found

## IV.
## FACTUAL BACKGROUND

8.     Plaintiff is the named insured under residential property flood insurance policy issued by Texas Farmers, insurance policy number 87060536942018 (hereinafter referred to as the "Policy").

9.     On or about December 7, 2018, severe rain hit the Conroe, Texas area and Plaintiff's property located at 11561 Creek Gate Rd., Conroe, TX 77385 (hereinafter referred to as the "Property"), was flooded and suffered substantial damage. Shortly after the devasting event and pursuant to her obligations under the Policy, Plaintiff timely filed insurance claim number 10593206 (hereinafter referred to as the "Claim"). The Property has never flooded in the past including during the events of Hurricane Harvey.

10.    In response, Texas Farmers sent an adjuster, Beverly Glaze Wygal, from Colonial Claims, LLC to inspect the Property. The adjuster inspected the property on December 11, 2018. The adjusters found covered damage and authorized preliminary payment to be issued to Plaintiff in the amount of ten thousand dollars ($10,000.00). These checks were sent to Plaintiff on December 17, 2018.

11.    Following this, Ms. Wygal requested Farmers send and engineer to inspect the damage. Farmers in turn sent an engineer, Levent Ozturk from Keystone Experts & Engineers to inspect the property on December 15, 2018. The engineer then issued his report on December 31, 2018.

12.    Subsequently on January 3, 2019, Ms. Wygal drafted an estimate totalling $17,298.22 for the total amount of Plaintiff's claim, including the severe damage to her residence. Following this, Ms. Wygal issued an estimate for $19,714.29 dated January 18, 2019. She then sent Plaintiff a proof of loss to sign with the full cost of repair or replacement including

building and contents for $18,787.96. Ms. Wygal insisted Plaintiff sign the proof of loss or she would receive nothing.

13. Dissatisfied with the arbitrary and nonsenical estimate prepared by Ms. Wygal, Plaintiff sought the opinion of Stephen Hitchcock. Mr. Hitchcock inspected the property on January 24, 2019 and found covered damage caused by the flooding, totaling $119,165.31 for the structure of the Property. Plaintiff took inventory of her lost contents which totaled $71,003.87. On February 5, 2019, Plaintiff provided her Proof of loss to Texas Farmers totaling $190,169.18 along with supporting documentation.

14. Despite the Plaintiff's objective evidence provided with her proof of loss, Farmers sent correspondence dated March 4, 2019 with its determination that Plaintiff was only owed $22,628.78 for covered building damage and $1,933.23 for covered contents, which brought the total value of her claim to only $24,562.01. Farmers did not include any explanation or estimate for the difference between the $24,562.01 and Ms. Wygal's last estimate totaling $19,714.29. Farmers' correspondence denied the remaining of Plaintiff's damages.

15. Farmers' unwillingness to fairly investigate and adjust this claim forced Plaintiff into engaging the representation of the undersigned in attempts to achieving an equitable resolution. Plaintiff's counsel filed an appeal with FEMA on April 12, 2019. A copy of Plaintiff's Proof of Loss is attached hereto as "Exhibit A."

16. At all times material to this case, Plaintiff fulfilled all of her obligations under the Policy.

17. It is clear that Farmers' unreasonable investigation was the cause of Plaintiff's denied claim.

18. Further, Farmers's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

19. As a result of the above issues, Plaintiff did not receive the coverage for which she had originally contracted with Farmers. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

## V.
## CLAIMS AGAINST DEFENDANT

20. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

21. All conditions precedent to recovery by Plaintiff have been met or have occurred. Plaintiff provided timely notice of her loss to Farmers which, contrary to the terms of its policy, refused to pay for all flood related damages.

22. All acts by Farmers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Farmers and were completed in its normal and routine course and scope of employment with Farmers.

### BREACH OF CONTRACT

23. According to the Policy that Plaintiff purchased, Farmers had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related flood damages.

24. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

25. Despite objective evidence of such damages, Farmers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VI.
## DAMAGES

26. Farmers's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount for the full loss and damages covered under her Flood Policy.

## VII.
## JURY DEMAND

27. Plaintiff hereby demands a jury trial and has tendered the appropriate fee with her Original Complaint.

## VIII.
## CONCLUSION AND PRAYER

28. Plaintiff prays that judgment be entered against Texas Farmers Insurance Company, and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, post judgment interest, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Texas Farmers Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Chris Schleiffer*
Chris Schleiffer
Texas Bar No. 24088362
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
chris@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**